IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMMY MORNING, #B-20806, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 10-cv-935-MJR |
| | ) |
| PEOPLE of the STATE of ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Sammy Morning, an inmate in Southwestern Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a five year sentence for theft. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff claims that he was wrongfully convicted in the theft case for which he is now incarcerated, Johnson County Circuit Court No. 08-CF-81.  Plaintiff states he was pulled over for speeding on September 1, 2008, in Johnson County and was then arrested for driving on a suspended license.  During an inventory search of Plaintiff's vehicle, the arresting officer found clothing purchased by Plaintiff at a store in Paducah, Kentucky, along with his receipt for that purchase.  The officer also found more clothing in a black trash bag, that Plaintiff claimed to have purchased at a flea market in Tennessee.  Not believing Plaintiff's account of how he came to possess the clothing in the trash bag, the officer conducted an investigation and charged Plaintiff with theft of the items.

Plaintiff was later convicted of felony theft. He states he was charged under "750 ILL. COMP. STAT. 5/15(c)" [sic]; however, he claims he should have instead been charged with a petty offense under 720 ILL. COMP. STAT. 5/16-2(d) (theft of lost or mislaid property) (Doc. 1, p. 5). Thus, Plaintiff argues he was wrongfully convicted of the felony offense. Plaintiff further states that he has appealed his conviction, but the case has been delayed and briefs had not been submitted as of the date Plaintiff filed his complaint in this Court.

Plaintiff seeks money damages for the alleged wrongful conviction.

**Discussion**

It is clear from Plaintiff's complaint that his direct appeal of the allegedly wrongful conviction is still pending. The exhibits attached to his complaint show that appellate counsel requested an extension of the deadline to file Plaintiff's brief on appeal, to April 25, 2011 (Doc. 1, p. 7-8). As long as Plaintiff's appeal or other post-conviction challenge remains pending in state court, it is improper for this Court to intervene. Under the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)).

Plaintiff may at some point be able to seek review of appropriate issues relating to his conviction or sentence in a federal habeas corpus proceeding under 28 U.S.C. § 2254. However, before doing so, Plaintiff is required to exhaust his available remedies in state court. *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). In addition, should Plaintiff file a habeas petition in the future, he should take note that the only proper respondent in a habeas action is the custodian of the institution where Plaintiff is

housed. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996); Rules 2(a) and (b) of the Rules Governing § 2254 Cases in the United States District Courts.

In addition, Plaintiff cannot maintain a civil rights suit against the Defendant People of the State of Illinois. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same).

Finally, Plaintiff's claim of "wrongful conviction" might be viewed as an attempt to bring a malicious prosecution claim, but if so, it cannot be brought in this Court. Even if Plaintiff had been exonerated after the conclusion of his criminal case (one of the elements of the tort of malicious prosecution, *Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1257 (N.D. Ill. 1995)), Plaintiff cannot maintain a § 1983 action for such a claim. *Brooks v. City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]llegations that criminal proceedings were . . . based on false evidence or testimony . . . is, in essence, [a claim] for malicious prosecution, rather than a due process violation." (internal citation omitted)). The availability of a tort claim for malicious prosecution in Illinois state court "knocks out any constitutional theory of malicious prosecution," because the state law remedy is adequate to satisfy due process. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001).

**Disposition**

IT IS HEREBY ORDERED that Plaintiff's complaint fails to state any claim upon which relief may be granted. This action is therefore DISMISSED without prejudice to Plaintiff bringing his claims in an appropriate appeal or other action in state court, or in a petition for habeas corpus in federal court after he has exhausted all state court remedies.

Plaintiff is ADVISED that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).[1]

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Accordingly, the Clerk shall CLOSE THIS CASE.

IT IS SO ORDERED.

DATED: July 14, 2011

/s/ Michael J. Reagan
U.S. District Judge

---

[1] A dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (history omitted); *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).